**CITY OF NEDERLAND, Appellant,**

v.

**Raymond BENSKI, et al., Appellees.**

**No. 8702.**

Court of Appeals of Texas, Beaumont.

March 4, 1982.

Frank Lamson, Port Arthur, for appellant.

Howard R. Hebert, Port Arthur, for appellees.

OPINION

CLAYTON, Justice.

Appellant, City of Nederland, instituted condemnation proceedings against a strip of land fifteen feet wide and two hundred and twenty-five feet long, which land was

owned by appellees Raymond Benski, et al, d/b/a Mid County Professional Building Group, for the purpose of widening 27th Street in the City of Nederland, Jefferson County, Texas. There was an appeal of the award by the Commissioners, and, upon a trial, the jury returned a verdict finding the value of the property taken to be $12,000 and damages to the remainder of the land and improvements thereon to be $143,000. The trial court entered a judgment in favor of appellees in the amount of $155,000.

Appellant filed its motion for new trial, supported by affidavit of the jury foreman, alleging jury misconduct. Following a hearing, the trial court denied the motion for new trial. Findings of fact were not requested, and none were filed by the court.

There is no complaint as to the damages awarded for the land taken. Appellant complains that acts of jury misconduct relate only to the damages awarded as to the remainder.

During the course of the trial, testimony was given by a qualified appraiser that the damages to the remainder were in the sum of $143,000. Another qualified appraiser testified the damages to the remainder were in the sum of $7,824. Appellant's allegation of misconduct was "consisting of an agreement made by the jurors prior to answering the special issues that they were obligated under the court's instructions to answer the issues as to value of the property taken and the damages to the remainder in exact conformity with the testimony of one or the other of the two appraisers that testified, and that they did not have the right to assess damages in an amount or amounts different from that testified to by the appraisers."

During the jury deliberations, one juror raised the question as to whether they were limited in arriving at damages or value to the property. The foreman then read the charge to the other jurors, and the foreman then "formed an opinion" that the jury was limited to accepting one or the other of the appraisals given. He expressed this opinion to the other jurors. One juror testified he accepted the foreman's interpretation of the court's charge, while another juror testified that he did not agree and expressed his opinion that they were not so limited. The remaining three members of the jury did not testify. A question was then submitted to the court as follows:

"Q. Are the two figures given the jury the only monetary values to be considered? May the jury, by evidence given, come about another amount as just compensation?"

The court answered:

"A. You cannot find any amount that is above or below the testimony."

After further deliberation, the jury again asked the court: "By your answer, does this mean we may consider an amount between $20,550 and $155,000," to which the court replied: "I repeat, you will be guided by the last answer given you."

The jury foreman testified that, following the questions to and answers from the court, he was still of the opinion that, under the court's charge, the jury was limited and could only answer the issues as to damages or values by the amounts testified by one of the appraisers, either the low appraisal or the high appraisal. One of the jurors testified that he was of the opinion that the jury could answer anything in between the two appraisals, but that he eventually "gave in" and "went with" the other jurors in giving the highest appraisal. The two jurors who testified they were of the opinion they were limited to one of the two appraisals testified that there was a "misunderstanding or misconstruction" of the court's charge and that the verdict rendered was a result of "misunderstanding."

It has been held in *Compton v. Henrie*, 364 S.W.2d 179, 184 (Tex.1963), that "[t]he law is clear that a juror is not guilty of misconduct and the verdict need not be set aside when one or more jurors simply misconstrue a portion of the court's charge and state the erroneous interpretation to the other members of the jury. It was held in *Whited v. Powell*, 155 Tex. 210, 285 S.W.2d 364 [367 (1956)], that: '[A]n express misconstruction of the court's charge, which

does not bring to the attention of the jury law or facts outside the record, should not be regarded as jury misconduct within the meaning of Rule 327.' " See also *Stephens County Museum, Inc. v. Swenson,* 517 S.W.2d 257 (Tex.1974); *Adams v. Houston Lighting & Power Company,* 158 Tex. 551, 314 S.W.2d 826 (1958).

The record reveals the two jurors who believed they were limited to the high or low appraisals misconstrued and misunderstood the court's charge, and, under the authorities cited above, such misconstruction or misunderstanding did not constitute jury misconduct. The verdict rendered was for a sum which was in evidence, and they considered such evidence. The amount awarded has not been attacked as being excessive.

Finding no error, we affirm the judgment.

AFFIRMED.